Mr. Justice Crayton
delivered the opinion of the court.
This is rather a complex case. It is admitted by counsel *544 that there is error in the record, but it is insisted, that the error is not made to appear in such a manner that this court can act upon it. This is true of the errors relied on in argument, but there is another, lying at the root of the case, which goes to the jurisdiction of the court, and which shows that the proceedings before the judgment, as to the defendants in error, were coram non judice, and void.
On the 4th December, 1838, Buckingham made an oath for procuring an attachment against one John Foster, but the attachment did not in fact issue till 29th January, 1839. On the 6th December, 1838, the plaintiff, Buckingham, caused to be issued from the circuit court office of Monroe county, a summons for Bailey and others, in the county of Itawamba, requiring them to appear at the ensuing term of the Monroe circuit court, on fourth Monday in April, to answer and say what they were indebted to John Foster. The summons did not state at whose instance it was issued, nor the pendency of any suit by attachment or otherwise, nor did it state for whom they were required to appear. It was quite as applicable to any other attachment against John Foster, which might have been instituted in Monroe county, before the court to which it was returnable, as to this. The garnishees did not appear and answer at the return term, nor were any steps taken against them. In February, 1840, at, probably, a special term of the court, a judgment by default was rendered in favor of Buckingham, against Foster, the absconding debtor, for the sum of $261. On the 4th April, 1840, a sci?'e facias was issued against the garnishees, suggesting that a judgment nisi had been rendered against them, and commanding them to appear and show cause against a final judgment. The record does not show any judgment nisi, nor that any answer was filed, nor that they were called, and failed to appear. They made no defence to the scire facias, and in October, 1840, a final judgment was rendered against them, for the sum of $300 50. An execution issued on this judgment, on which a forthcoming bond purports to have been given by Bailey, and which was forfeited. In June, 1842, an execution issued upon the judgment upon the bond, which was superseded by *545 the parties, and in November, 1842, upon their application, the bond and execution were quashed; from which the cause comes by writ of error to this court.
Upon this state of facts the question arises, whether the original judgment was void or valid; and if void, whether all the subsequent proceedings are not equally so. The statute, (sec. 32, H. & H. 556,) authorizes “ the court having jurisdiction of attachments, to summon and compel the attendance of any garnishee from one county to another, and to proceed against them in the same manner, as garnishees residing in the county where the attachment is returnable.” It is clear that the summons in this case issued before the attachment was sued out, and therefore before any court had jurisdiction of it; and, couched in such general and indefinite terms, was wholly insufficient to lay the foundation of any legitimate judgment. Then the scire facias had no judgment of any kind to rest upon, at any rate none which could be regarded otherwise than as a nullity for want of notice.' If then there were no judgment nisi rendered against the garnishees, upon proper service of process, or upon notice in some mode recognized by law, the final judgment \Vould be void.
The question then arises, as to the judgment upon the bond. The forthcoming bond must rest upon a previous judgment. If the judgment upon which it purports to be founded is void, by reason of the want of jurisdiction in the court over the subject-matter, or over the parties, the forthcoming bond, and judgment consequent upon its forfeiture, are likewise void. The sheriff, and ajl the parties concerned in enforcing a void judgment, are trespassers, and all their acts under it are void. Martin v. England, 5 Yerg. 318. Ib. 285.
There is nothing in the- previous decisions of this court, at war with this conclusion, although at first blush, some of them wear that aspect. We must again repeat the rule, so often adverted to, that the language of a court must always be construed with reference to, and in connection with, the facts before it.
The case of Wetherby v. Proby, 1 How. 98, was a motion to *546 quash an execution, “ because there was no judgment to authorize it.” The case shows a confession of judgment, informally and defectively entered, and that one of the parties to the original judgment did not join in the bond. The court refused to quash the execution. They said “ they could not, on that motion, inquire into anything that preceded the bond, because the bond was a satisfaction of the judgment.” They farther say, “ If the bond was irregular, or insufficient, it might have been quashed, but the party has acquiesced in the effect, and cannot avail himself of any such irregularity, on a motion to quash the execution that emanated from it.” This is a very just view of the subject. By his motion to quash the execution alone, the party waived, so far as he could do so, all objection to the judgment. When the defect of jurisdiction, in the court rendering a judgment, arises frpm a want of service of process, or other personal privilege, the subsequent consent of the party, or waiver by him, will cure the defect.. In matters of this kind, that is of'personal exception or privilege, consent will give foundation. Gracie v. Palmer, 8 Wheat. And it is only in matters of this kind, that consent will confer jurisdiction. The consent, or the waiver, to have that effect, must be explicit. The giving and forfeiture of a forthcoming bond, we do not regard as an act of that character, farther than it is made so by statute ; that is, it cures all -erroneous judgments, but does not validate those which are void. But when the party goes farther, and moves to quash the execution which issued on the bond, without calling in question the judgment upon the bond, he may then properly be holden to have recognized that judgment, and to have waived all previous defects, just as by a plea in bar he is held to have waived all .right to plead in abatement, or to object to the process, or its mode of service.
The next case we shall notice is United States Bank v. Patton, 5 How. That was also on motion to quash an execution. The doctrine was ably and elaborately discussed in argument. The court, in its opinion, used some very general expressions, which, when confined to the facts of the case be *547 fore it, were all right and proper, but if applied to a case like the one under consideration, are hardly warranted in our view of the law. The motion was to quash the execution ; not the bond. The error in the original judgment, if any, was that it was confessed by an attorney, without proof of his power. Clearly if Patton made no objection to the judgment, for want of power in the attorney, and made no objection, by his motion, to the judgment upon the bond, it was not incumbent upon the court to do it for him. It was a matter which he might waive, and which, according to the case of Weatherby v. Proby, he did waive, by confining himself to a motion to quash the execution.
The case of Kernighan v. Scanland, 6 How. 540, is a case in which the motion was to quash the bond, as well as the execution, “ because there was never any judgment.” The opinion of the court is very brief, and does not contain a full statement of the facts; the statement of .the reporter is also very brief. The court says, “ the first ground relied on to reverse the judgment is, that a motion to quash a bond and execution comes too late, after the term to which they were returnable. On this ground we have no doubt. The court erred in going back and quashing the process to a preceding term, as has often been decided by this court.” This would be a clear authority, if, in fact, there had been no judgment. This induced us to examine the original record in the cause, and it sets out a judgment regularly rendered and entered, after a plea had been filed, and subsequently withdrawn. No objection is perceived to the judgment, except, perhaps, that it is not very formal y this case, therefore, does not stand in the way of our conclusion.
There are other cases, which go directly to sustain our present view. In Hoy v. Conch, 5 How. 188, it is decided, that if the original judgment be reversed on writ of error, the forthcoming bond and judgment thereon are void, and it is not necessary to enter a formal motion to quash them.” This doctrine is sustained by a case in 7 Cr. 288, and in 4 Munf. 76. It rests upon the principle, that the forthcoming bond judgment *548 must have a previous judgment to support it; and if "there be none such, it is void. The consequence must be the same, if the original judgment is void. In Pender v. Felts, 2 S. & M. 539, it was holden that the affirmance of a void judgment by this court, from purely technical causes, would not cure the radical error. Much less ought a judgment on a forthcoming bond, to make a judgment valid which was previously void. See also Tombigbee Bank v. Bell, et al., MS.*
The forthcoming bond, in this case, was taken by the sheriff of one county, and if it contains any definite stipulation, as to the delivery of the property, it is required to be at the court house of another county. This is not authorized by the statute, and it may well be doubted if it could lay the foundation of a statutory judgment.
Then as to the proceedings in the circuit court, subsequent to the forfeiture of the bond. If the judgment upon the bond had been merely erroneous, the court could not, at a term subsequent to the return term, have quashed it. But when void, it might do so at any time. 2 Yerg. 242. We come, therefore, to the conclusion, that all the previous proceedings being void, for want of proper process and service of process, the judgment of the court, in finally putting an end to them, was correct.
The judgment is therefore affirmed.

 The case referred to will be found infra ; the opinion having been retained, on the petition for a re-argument, until the opinion upon that petition, which is reported in full with the case, was delivered, and in which reference is made to this case.